UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| LILIAN DEL CARMEN HERNANDEZ, <br> SSN: xxx-xx-3177 | ) Case No. 13-29105-EEB <br> ) |
| | ) |
| Debtor. | ) Chapter 7 |
| | ) |

## TRUSTEE'S MOTION TO EMPLOY BROKER

Dennis W. King, Chapter 7 Trustee ("*Trustee*") of the bankruptcy estate of Lilian Del Carmen Hernandez ("*Debtor*"), through his counsel, ONSAGER | FLETCHER | JOHNSON LLC seeks to employ MacGuire & Associates, Inc. ("M&A") and its broker/agent, Jim MacGuire ("MacGuire") as real estate broker to sell certain real property of the estate as follows:

### BACKGROUND

1. On November 15, 2013 (the "Petition Date"), Debtor filed for relief under chapter 7 of title 11 of the United States Code.

2. Trustee was the duly appointed chapter 7 trustee of Debtor's bankruptcy estate.

3. Debtor did not schedule an interest in real property on her Schedule A/B of her bankruptcy schedules filed with the Bankruptcy Court.

4. On September 30, 2014, Trustee filed his Final Account and Distribution Report Certification that the Estate has been Fully Administered and Application to be Discharged. On October 1, 2014, the case was administratively closed.

5. In February 2019, Trustee was informed by Debtor's mother, Marina Peraza ("Peraza"), through her counsel, of a pending lawsuit filed by Debtor against Peraza (the "Ownership Dispute") whereby Debtor asserted a 100% ownership in real property located at 5519 Eagle Street, Denver, Colorado 80239 (the "Property") pursuant to a Quit Claim Deed executed by Peraza, as grantor, to Debtor, as grantee (the "Deed"), which Deed was recorded in the real estate records of the City and County of Denver on June 18, 2008 (prior to the Petition Date). In the Ownership Dispute, Debtor sought to evict Peraza and take possession of the Property.

6. The Ownership Dispute was commenced by Debtor as a forcible entry and unlawful detainer matter filed in Denver County Court, Case No. 19C52285. After Peraza filed counterclaims that exceeded the County Court's jurisdictional limits, including claims of ownership of the Property, the case was subsequently removed to the District Court of the City and County of Denver.

7. On March 4, 2019, the United States Trustee (the "UST") filed a Motion to Reopen Under 11 U.S.C. § 350 (the "Reopen Motion"). On March 5, 2019, the Court granted the Reopen Motion and Trustee was reappointed as the Chapter 7 trustee.

8. The Ownership Dispute is stayed pursuant to 11 U.S.C. § 362.

9. Debtor held sole title to the Property on the Petition Date. Pursuant to 11 U.S.C. § 541, Debtor's interest in the Property became property of her bankruptcy estate. Because the Property was not scheduled on Debtor's bankruptcy schedules, the Property was not abandoned upon closing of the bankruptcy case and remains property of the bankruptcy estate.

10. Trustee believes there is equity in the Property above the outstanding mortgages against the Property. Accordingly, Trustee requests authority to employ M&A and MacGuire to market the Property pursuant to the terms of the Listing Agreement attached hereto as **Exhibit A**. The Listing Agreement provides for an original listing price of $305,000.[1]

11. Any sale is contingent upon entry of an order from the Bankruptcy Court authorizing a sale pursuant to 11 U.S.C. § 363(b). M&A and MacGuire understand that a sale of the Property, and their right to commission or reimbursement of expenses, may be consummated only after notice and Court approval. The Listing Agreement further provides that the Property is being sold AS IS WHERE IS and without any representations or warranties of title.

12. M&A and MacGuire are fully qualified to perform the services for which they are being employed, and their employment is in the best interest of the estate due to their expertise in the real estate field.

13. As provided in the Listing Agreement, the fee to be charged by M&A and MacGuire to sell the Property will not exceed a commission of six percent (6%) of the selling price for the Property. Trustee will seek authority to compensate M&A and MacGuire at the time a motion to approve sale of the Property is filed.

14. To the best of Trustee's knowledge, M&A and MacGuire have no connection with Debtor, the creditors, the U.S. Trustee, or any person employed by the U.S. Trustee, or any other party in interest, and does not represent any interest adverse to the estate; except that: (a) M&A and MacGuire have been employed by Tom H. Connolly, in his capacity as a Chapter 7 panel trustee in other unrelated matters; (b) Connolly & Lofstedt, P.C. ("C&L") was previously employed by Trustee in this case; (c) Tom H. Connolly and Joli A. Lofstedt, P.C. were shareholders of C&L; and (d) Joli A. Lofstedt is currently Of Counsel to Onsager | Fletcher | Johnson LLC who was substituted in as counsel to Trustee in this case. See MacGuire's Verified Statement, attached hereto as **Exhibit B**.

WHEREFORE, Trustee requests an order authorizing the employment of M&A and MacGuire as real estate broker on the terms and conditions set forth herein, and for such other and further relief as the Court deems proper.

---

[1] The listing price of $305,000.00 is estimated and may change upon Mr. MacGuire's inspection of the Property.

Dated: October 3, 2019

Respectfully submitted,

**ONSAGER | FLETCHER | JOHNSON LLC**

<u>*s/ Joli A. Lofstedt*</u>
Joli A. Lofstedt, #21946
J. Brian Fletcher, #28629
Gabrielle G. Palmer, #48948
1801 Broadway, Suite 900
Denver, Colorado 80202
Ph: (303) 512-1123
Fax: (303) 512-1129
jbfletcher@OFJlaw.com
gpalmer@OFJlaw.com

*Counsel for Trustee*

3